**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAR 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

JOSE ANTONIO ORTIZ, Jr.,

       Defendant - Appellant.

No. 24-4885

D.C. No.
3:24-cr-00068-AGS-2

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

Submitted March 17, 2025**

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

Jose Antonio Ortiz, Jr., appeals from the district court's judgment and challenges the 92-month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ortiz first contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve a dispute regarding a shooting incident in which he was involved. However, Rule 32 "pertains only to unresolved objections to the presentence report." *United States v. Petri*, 731 F.3d 833, 841 (9th Cir. 2013). Ortiz did not file written objections to the report and, at the sentencing hearing, confirmed he had no objections. Moreover, the probation officer did not make a factual statement but rather expressed the opinion that Ortiz's version of the incident might not be accurate. *See id.* (Rule 32 objections concern factual inaccuracies, not opinions or conclusions). Finally, even if Rule 32 applied, it is clear from the record that the dispute was immaterial to the sentence. *See* Fed. R. Crim. P. 32(i)(3)(B); *Petri*, 732 F.3d at 837-38 (Rule 32 extends to objections that "make a difference in the formulation of an appropriate sentence").

Ortiz also argues that the district court failed to explain the sentence adequately. We review this claim for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court reviewed the aggravating and mitigating circumstances and sufficiently explained why it selected the 92-month sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (the district court need only explain the sentence sufficiently to provide "meaningful appellate review").

**AFFIRMED.**